**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Michael R Mushkin, | 2:25-cv-01152-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Jay Bloom, | |
| Defendant(s). | |

Pro se defendant, Jay Bloom, filed a *Motion to Set Aside Clerk's Entry of Default* (ECF No. 27) and the plaintiff filed a *Motion to Order Defendant to Update His Address* (ECF No. 30). The Court **GRANTS** both motions.

**I.      MOTION TO SET ASIDE DEFAULT**

   **A.  Legal Standard**

Under Federal Rule of Civil Procedure 55, the Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause to set aside a default exists, the Court considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party seeking to set aside the default has no meritorious defense to the plaintiff's claims; and (3) whether reopening the default judgment would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("Mesle") (quoting *Franchise Holding II v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). Courts have particularly broad discretion when considering whether to set aside a default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). When a party is pro se, courts often "consider the party's general familiarity with legal processes" as relevant to determining whether the party's conduct was made in bad faith. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001).

1

A defendant seeking to vacate an entry of default must provide specific facts that could constitute a defense, but the burden is not "extraordinarily heavy." *TCI Grp.*, 244 F.3d at 700. The inquiry at this stage does not concern whether a defendant's factual allegations are true. *Mesle*, 615 F.3d at 1094. Instead, a movant need only "allege sufficient facts that, if true, would constitute a defense[.]" *Id*. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). "[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits[.]" *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

### B. Analysis

There is no evidence that defendant engaged in culpable conduct, such as "intentionally fail[ing] to answer" to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process. *Mesle*, 615 F.3d at 1092 (internal quotation omitted). Plaintiff argues that the defendant was served with the original complaint, and he attaches email correspondence between the parties that took place after the entry of the Clerk's default. Given defendant's pro se status, however, there is no evidence that defendant understood the legal process and is now moving in bad faith. While defendant confirms that he is aware of the First Amended Complaint in his filing, it is also not clear if defendant has been served with the First Amended Complaint. The first two factors thus support finding good cause to set aside default.

Defendant may have a potentially meritorious defense, as he alleges that an unknown third-party purchased the website at issue in this case. This factor weighs slightly in plaintiff's favor since defendant does not provide much information about his defense other than that he is not involved, but not enough to outweigh the first two. Sound policy favors deciding cases on their merits, further supporting setting aside default. *Schwab*, 508 F.2d at 355. The Court thus grants defendant's Motion to

Set Aside Default.   The Court, however, informs plaintiff that his motion was not properly filed in pdf searchable format (*see 08/05/25 Standing Order (ECF No. 16)*) and future filings must be in searchable pdf format.

## II.    MOTION TO ORDER DEFENDANT TO UPDATE HIS ADDRESS

Plaintiff argues that he recently attempted to serve defendant with the First Amended Complaint, but that he learned that the Hacienda Ave address on the docket is no longer a proper address for the defendant. *ECF No. 30*. Defendant, despite making an appearance in this case, has not filed a change of address notice with the Court. Defendant is reminded that a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number." Nev. Loc. R. Prac. 3-1. "The notification must include proof of service on each opposing party or the party's attorney." *Id*. "Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." *Id*. The Court thus grants plaintiff's *Motion to Order Defendant to Update his Address*.

//

//

**IT IS ORDERED that:**

1. Defendant's *Motion to Set Aside Clerk's Entry of Default* (ECF No. 27) is **GRANTED**.

2. Plaintiff's *Motion to Order Defendant to Update His Address* (ECF No. 30) is **GRANTED**.

3. Defendant has until **March 25, 2026** to file either an updated address on the docket or a notice that confirms that his correct address is 4510 W. Hacienda Ave, Las Vegas, NV 89118.

4. Plaintiff must file any future filings in pdf searchable format per the Court's *08/05/25 Standing Order (ECF No. 16)*.

5. The Clerk of Court is **DIRECTED** to please email a courtesy copy of this Order to jbloom@LVEM.com.

DATED:    March 3, 2026.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United*

*Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**