**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Michael R Mushkin, | 2:25-cv-01152-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Jay Bloom, et al., | |
| Defendant(s). | |

On November 5, 2026, plaintiff filed document which it titled for the docket "Ex Parte Document." *See ECF No. 25*.  The document, however, was a motion seeking enlargement of time for service ("Ex Parte Motion to Enlarge").  Plaintiff also failed to select the appropriate event for the filing (e.g., "motion"), which resulted in the Ex Parte Motion to Enlarge not being flagged for court review and determination.[1] The plaintiff subequal filed a *Motion for a Hearing Regarding the Ex Parte Document* ("Motion for a Hearing") first alerted the Court that plaintiff had filed the Ex Parte Motion to Enlarge.  *ECF Nos. 25 and 36*.  For the reasons below, the Court **GRANTS AND DENIES** the Ex Parte Motion to Enlarge **IN PART**. *ECF No. 25*. The Court **DENIES** the Motion for a Hearing as unnecessary. *ECF No. 36*.

**I.    LEGAL STANDARD**

Under Local Rule IA 7-2(b), an "ex parte motion or application must articulate a rule that permits ex parte filing and explain why it is filed on an ex parte basis." The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the

---

[1] The Court independently asked the Clerk of Court to convert the Ex Parte Document to a Motion so that the docket reflects it is a pending matter. In the future, the Court kindly requests that counsel file any matters that require a resolution as either a "Motion" or a "Stipulation" so that the Court receives notice that the matter is pending and requires resolution.

1

plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990).  Other courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell*, No. 320CV00114MMDCSD, 2022 WL 347552, at *2 (D. Nev. Feb. 4, 2022), citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted).

## II.    ANALYSIS

The plaintiff did not file an accompanying Motion to Seal the Ex Parte Motion to Enlarge, or explain why he filed the motion ex parte. Plaintiff asks to serve defendant Sean Bloom through publication and for an extension of time to serve him. Plaintiff argues that he has attempted to serve him at a few different addresses, but he has been unsuccessful. *ECF No. 25 at 2*. Plaintiff also attached a declaration from a private investigator which states that she conducted skip-traces, DMV and voter checks, property and business records, incarceration checks, postal forwarding, and telephone outreach without locating him. *Id.* at 3. Plaintiff alleges that Sean Bloom is evading service, so he must serve him by publication. *Id*.

Plaintiff's asserted efforts, however, require more detail and development.  Due process requires notice that is reasonably calculated to apprise the defendant of the lawsuit. The Court finds that plaintiff has not shown sufficient diligence in attempting to serve the defendant to support that service by publication, the last resort, is appropriate at this stage in the litigation.  Counsel has not

investigated other likely sources of information to locate and serve the defendant prior to seeking the last resort of service by publication. The Court thus denies the request to serve Sean Bloom by publication at this time because service by publication is a last resort. The Court, however, has broad discretion to permit an extension under Rule 4 and grants plaintiff such extension. The defendants will not be prejudiced by a reasonable extension.

**IT IS ORDERED that:**

1.  Plaintiff's *Sealed Ex Parte Motion to Enlarge* (ECF No. 25) is **GRANTED AND DENIED IN PART**, as discussed in this Order.

1.  The Court **EXTENDS** the deadline to serve the complaint on the defendant until **July 7, 2026.**

2.  *Motion for a Hearing* (ECF No. 36) is **DENIED as unnecessary.**

3.  The Clerk of Court is **DIRECTED TO UNSEAL** the *Ex Parte Motion to Enlarge* (ECF No. 25).

DATED:    May 22, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge