**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Michael R Mushkin, an individual.,<br>Plaintiff(s),<br>vs.<br>Jay Bloom, et al.,<br>Defendant(s). | 2:25-cv-01152-MDC<br>**ORDER** |

Pro se defendant Jay Bloom filed a *Motion to Dismiss* (ECF No. 37) and plaintiff Michael Mushkin filed a *Second Motion to Extend Time to Effect Service on Sean Bloom* ("Motion to Extend Time")(ECF No. 41). The Court **GRANTS** Jay Bloom's Motion to Dismiss, with leave to plaintiff to amend the complaint. The Court **GRANTS** in part and **DENIES** in part without prejudice plaintiff's Motion to Extend Time.

## I. BACKGROUND

Plaintiff brings claims against defendants for alleged cybersquatting, Lanham Act infringement, defamation, and related business torts arising from domain name registrations. *ECF No. 17*. Plaintiff also includes a claim for a temporary restraining order and preliminary injunction, but he never filed a motion seeking either form of emergency relief after filing the amended complaint. *Id*. Plaintiff has still not served the co-defendant Sean Bloom.

Defendant Jay Bloom moves to dismiss on the grounds that plaintiff failed to serve his co-defendant Sean Bloom and has not diligently prosecuted the action. *ECF No. 37*. Jay Bloom also argues that that plaintiff fails to state a claim against him. Jay Bloom argues that most causes of action are pled only against his co-defendant and the only references against him are conclusory and made "upon information and belief." *Id*.

Plaintiff argues that the operative complaint contains sufficient factual allegations that Sean

Bloom registered and used infringing domain names and published defamatory content at Jay Bloom's direction, that Jay and Sean Bloom acted together and in concert, and that Jay Bloom directed, authorized, and benefitted from the challenged conduct, which must be accepted as true and construed in plaintiff's favor at the pleading stage. *ECF No. 30*. Plaintiff also argues that he has documented diligent efforts to serve the non-appearing co-defendant, and has obtained an extension of time for service. *Id*. Plaintiff argues that he has plausibly alleged discrete acts against Jay Bloom, but asks for leave to amend if the Court identifies any issues regarding Jay Bloom's personal involvement in particular claims. *Id*.

## II. MOTION TO DISMISS

### A. Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly,* 550 U.S. at 555.

FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).*

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant.. undue prejudice to the opposing party by virtue of. . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. See *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Regarding conspiracy,

> To establish a claim for civil conspiracy, the pleader must show: "(1) commission of an underlying tort; and (2) agreement between the defendants to commit a tort [or inherently dangerous activity]." *On Demand Direct Response, LLC v. McCart-Pollack*, No. 2:15–cv–01576–MMD–VCF, 2016 WL 5796858, at *3 (D. Nev. September 30, 2016) (citation omitted); *see also GES, Inc. v. Corbitt*, 117 Nev. 265, 270-71, 21 P.3d 11, 15 (Nev. 2001) (stating to prevail in a civil conspiracy action "a plaintiff must prove an agreement between the tortfeasors ... [and] it is essential that the conduct of each tortfeasor be in itself tortious.") (citations omitted). The pleader must also allege with specificity "the manner in which a defendant joined in the conspiracy and how they participated in it." *Arroyo v. Wheat*, 591 F.Supp. 141, 144 (D. Nev. 1984).

*See Coleman v. Telles*, No. 2:24-CV-00930-APG-MDC, 2025 WL 3299397, at *2 (D. Nev. Sept. 9, 2025), *aff'd*, No. 2:24-CV-00930-APG-MDC, 2025 WL 3003107 (D. Nev. Oct. 27, 2025). "Proof of an agreement alone is not sufficient, however, because it is essential that the conduct of each tortfeasor

be in itself tortious." *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001)(quoting *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998)).

**B. Analysis**

Jay Bloom's service arguments are moot because the Court granted an extension to serve the complaint on Sean Bloom (ECF No. 38) and grants and denies plaintiff's second motion for extension (ECF No. 41) below.

The Court turns to whether plaintiff has sufficiently pled actionable conduct by Jay Bloom. The Court finds that plaintiff has not done so. The Court finds that plaintiff has not sufficiently pled actionable conduct: plaintiff's claims against Jay Bloom are based on an alleged conspiracy between Jay Bloom and his son, Sean Bloom, who is the main actor. Plaintiff attempts to bring in Jay Bloom by stating that Jay Bloom conspired with Sean Bloom and directed Sean Bloom to perform the conduct giving rise to plaintiff's claims. Those statements, however, are conclusory and based "on information and belief." Plaintiff does not connect discrete factual allegations to each specific legal claim regarding conspiracy regarding Jay Bloom's actions in a way that provides fair notice.

Plaintiff also fails to plead the nature and objective of an alleged agreement between Jay Bloom and Sean Bloom at this stage. He fails to plead sufficient facts articulating the information upon which he forms the basis of his belief that Jay Bloom directed Sean Bloom's conduct. For example, plaintiff does not allege any motivation that ties Jay Bloom to Sean Bloom's conduct other than that Jay Bloom is Sean Bloom's father. Plaintiff's allegations do not plausibly show that Jay Bloom entered an agreement with Sean Bloom to commit an underlying tort or that Jay Bloom personally engaged in independently tortious conduct. The complaint relies largely on generalized statements made on information and belief, without facts showing the basis for those beliefs or the

nature of Jay Bloom's participation in the alleged wrongdoing. The Court grants the Motion to Dismiss. Since the deficiencies may be curable, the Court grants leave to amend.

## III. MOTION TO EXTEND TIME

### A. Legal Standard

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990). Other courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell,* No. 320CV00114MMDCSD, 2022 WL 347552, at *2 (D. Nev. Feb. 4, 2022), citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted).

Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual within a judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." This Court applies Nevada Rule of Civil Procedure 4.4(c) which provides that if a party shows by affidavit that "service of summons cannot be made as provided in this rule, the court may order service by publication or

otherwise, in a manner reasonably calculated under all the circumstances to apprise the defendant of the pendency of the action and afford an opportunity to appear and defend."

Nevada Rule of Civil Procedure 4.4(d)(1) provides, "In addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication."

**B. Analysis**

Plaintiff asks to serve defendant Sean Bloom through alternative means and for an extension of time to serve him. Plaintiff states that, despite extensive efforts over several months, he has been unable to accomplish personal service on Sean Bloom. Plaintiff details his renewed diligence efforts, including multiple service attempts at known residential and business addresses, skip-trace and database searches, DMV and public-records inquiries, postal and telephone outreach, and attempts to contact Sean Bloom through available email and mailing addresses. *ECF No. 41 at 1-6*. Plaintiff contends these efforts show that personal service has proven impracticable and that service by alternative means is reasonably calculated to provide actual notice. *Id*. Plaintiff has shown good cause for additional time and for alternative service. The record reflects repeated, documented attempts to serve Sean Bloom at multiple addresses in Nevada and California. *ECF No. 41 at 2-4*. Plaintiff's efforts support his contention that Sean Bloom cannot be personally served despite due diligence.

Plaintiff, however, does not sufficiently establish that the proposed alternative methods of service are reasonably calculated to give notice. *See Supreme Court in Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)(notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Here, plaintiff does not identify Sean Bloom's actual email

address or a basis to believe that an email is reasonably calculated to give that defendant notice (*e.g.,* evidence that Sean Bloom sends and receives emails from that address). Plaintiff also fails to provide the "proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements," as required by NRCP 4.4(c)(2)(C).

In sum, the Court finds that an extension of time to complete service is warranted but that plaintiff make a further showing that the alternative methods he proposes (e.g., email and publication) are reasonably calculated to give Sean Bloom notice and comport with NRCP 4.4(c). Plaintiff must file by **August 31, 2026**, an amended motion seeking alternative service addressing these matters.

**IT IS ORDERED that:**

1. Pro se defendant Jay Bloom's *Motion to Dismiss* (ECF No. 37) is **GRANTED,** with leave to amend.
2. Plaintiff may file an amended complaint by **August 31, 2026.**
3. Plaintiff Michael Mushkin's *Second Motion to Extend Time to Effect Service* on Sean Bloom (ECF No. 41) is **GRANTED** in part and **DENIED** in part. The Court extends the deadline to serve the complaint on defendant Sean Bloom to **September 24, 2026**.
4. Plaintiff shall file by **August 31, 2026**, an amended motion seeking alternative service as directed above. The Court may consider further extension of time to serve if necessary to effectuate the four-week service by publication process in NRCP 4.4(c)(4)(C).

DATED: August 17, 2026.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**