**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Michael R. Mushkin, an individual.,<br>Plaintiff(s),<br>vs.<br>Jay Bloom, et al.,<br>Defendant(s). | 2:25-cv-01152-MDC<br>**ORDER GRANTING RENEWED MOTION TO EXTEND TIME TO EFFECT SERVICE ON SEAN BLOOM (ECF No. 44)** |

Plaintiff Michael Mushkin filed a *Renewed Motion to Extend Time to Effect Service on Sean Bloom* ("Motion")(ECF No. 44). Plaintiff asks for an extension of time and for an Order Authorizing Service by Alternative Means Pursuant to FRCP 4(e)(1) and NRCP 4.4. The Court **GRANTS** plaintiff's Motion.

**I. BACKGROUND**

The Court previously found good cause for additional time to serve Sean Bloom but required plaintiff to identify Sean Bloom's actual email address, establish why notice sent to that address would be reasonably calculated to reach him, and provide proposed publication-summons language. *ECF No. 42* at 6-7. The amended Motion identifies samuelclemens23@proton.me as an email address associated with Sean Bloom through the registrant information for the domain names at issue, supplies corroborating contact information, and provides proposed publication-summons language. *ECF No. 44* at 2–5.

**II. MOTION TO EXTEND TIME**

**A. Legal Standard**

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev.

100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990). Other courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell,* No. 320CV00114MMDCSD, 2022 WL 347552, at *6 (D. Nev. Feb. 4, 2022), citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id.* (citation and quotation marks omitted).

Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual within a judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" This Court applies Nevada Rule of Civil Procedure 4.4(c) which provides that, "if a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication." NRCP 4.4(c). "Service by publication may only be ordered when the defendant: (A) cannot, after due diligence, be found; (B) by concealment seeks to avoid service of the summons and complaint; or (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3)." *Id.*

Nevada Rule of Civil Procedure 4.4(d)(1) provides, "In addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication." NRCP 4.4(d); see also *Supreme Court in Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)(notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

**B. Analysis**

Plaintiff's documented efforts include repeated attempts at Sean Bloom's last-known residential and associated business addresses, skip-trace and public-record searches, postal inquiries, telephone outreach, and attempts in Nevada and California. *ECF No. 44* at 7–10, 13–31. These efforts establish that personal service remains impracticable despite reasonable diligence. The identified email address was provided in the registrant information for both domain names at issue and is corroborated by the registrant's name, address, and telephone number, which corresponds to information independently associated with Sean Bloom. *Id.* at 2–3, 8–9, 33. Plaintiff also provided proposed publication-summons language identifying Sean Bloom, summarizing the claims and requested relief, and stating the time to respond. *Id.* at 3-4. The Court finds that the proposed combination of email, certified and first-class mail, and publication is reasonably calculated to provide Sean Bloom with notice and an opportunity to respond. Prejudice is also minimized in this case because Sean Bloom may be avoiding service, as he likely has actual knowledge of this lawsuit given that his father Jay Bloom has made an appearance in this case. The Court also finds that an extension of time to complete service is warranted.

**IT IS ORDERED that:**

1. Plaintiff Michael Mushkin's *Renewed Motion to Extend Time to Effect Service* on Sean Bloom (ECF No. 44) is **GRANTED**.
2. The Court extends the deadline to serve the complaint on defendant Sean Bloom to **January 24, 2027**.
3. The proposed publication-summons language submitted with the Amended Motion (ECF No. 44 at 35-36) is **APPROVED.**

4. The Clerk of Court shall **ISSUE** the approved summons (ECF No. 44 at 35-36) to defendant Sean Bloom concerning the operative Second Amended Complaint (ECF No. 43).

5. Plaintiff **SHALL SERVE** defendant Sean Bloom by sending the Clerk-issued summons, the operative Second Amended Complaint, the Amended Motion, and this Order:

   a. By email to samuelclemens23@proton.me.

   b. By certified mail, return receipt requested, and first-class United States mail to:

      1605 English Oak Street, Las Vegas, Nevada 89117;

      4510 W. Hacienda Avenue, Las Vegas, Nevada 89118;

      4510 W. Hacienda Ave., Las Vegas, NV 89117; and

      Sean Bloom, care of Bloom Family Office, 5325 South Polaris Avenue, Suite 300, Las Vegas, Nevada 89118.

6. Plaintiff shall publish the approved publication summons language once each week for four consecutive weeks in the Nevada Legal News in accordance with NRCP 4.4(c).

7. Service shall be **DEEMED COMPLETE** upon completion of the fourth consecutive weekly publication, provided that plaintiff has completed the authorized email and mailing methods. Defendant Sean Bloom shall answer or otherwise respond to the operative Second Amended Complaint within twenty-one days after service is complete.

8. Plaintiff shall **FILE** proof of compliance with each authorized method of service promptly after service is complete.

DATED: November 24, 2026.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**